# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | | |
|---|---|---|
| Earl Hughes Burgset, | ) | Civil Action No. 4:21-cv-2357 |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Mrs. Hollinger, Dr. Martin, Dr. Eziakor, and Dr. Tesh, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation of the Magistrate Judge recommending the Court transfer the case and all its filings to the United States District Court for the Northern District of Georgia, Atlanta Division. (Dkt. No. 4). For the reasons stated below, the Court adopts the R & R as the Order of the Court.

**I.  Background**

This is a civil action filed by Earl Hughes Burgest ("Plaintiff"). (Dkt. No. 1.). Plaintiff brings an action against four medical staff Defendants. The Complaint alleges the Defendants are located in Atlanta, Georgia. (*Id.* at 6). The Complaint alleges an incident occurred in March 2021 while Plaintiff was incarcerated in Atlanta, Georgia. Plaintiff 's allegations relate to a claim for gross negligence against defendants related to medical treatment he received after his toe became infected and was later amputated. (*Id.* at 5, 6-9). On June 22, 2021, Plaintiff was transferred to Williamsburg Federal Correctional Institute located in South Carolina. (Dkt. No. 1 at 3; 1-1 at 1).

**II.  Legal Standard**

1

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). In the absence of objections, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g.*, *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Plaintiff has filed objections and the R & R is reviewed *de novo*.

### III.    Discussion

Upon a careful consideration of the Complaint, the R & R, and Plaintiff's objections to the R & R, the Court finds the Magistrate Judge correctly determined that venue is improper in the District of South Carolina.

The district court has the power to consider *sua sponte* whether venue is proper. *Jensen v. Klayman*, 115 Fed. Appx. 634, 635-36 (4th Cir. 2004). Pursuant to 28 U.S.C. § 1391 (b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391 (b).  28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district of division in which it could have been brought.

In this case, none of the Defendants listed in the Complaint are alleged to be residents of South Carolina, but rather Atlanta Georgia.  (Dkt. No. 1).  In addition, the complaint alleges a substantial amount of the events giving rise to the action occurred in Georgia.  (Dkt. No. 1).[1] Plaintiff's choice of venue in this action is almost immaterial and virtually mandates transfer if he wants to maintain the action.  *Blevins v. Pension Plan*, 6:10-CV-03261-JMC, 2011 WL 2670590, at *7 (D.S.C. July 8, 2011).  The Court finds the Magistrate Judge correctly determined that given the action would be dismissed pursuant to 28 U.S.C. § 1406(a), if it is not transferred, the interests of justice weigh heavily in transferring this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

**IV.    Conclusion**

For the reasons stated above, the Court **ADOPTS** the R & R as the Order of the Court. (Dkt. No. 4).  The Court **TRANSFERS** this case and all filings to the United States District Court for the Northern District of Georgia, Atlanta Division.

**AND IT IS SO ORDERED**.

---

[1] In his objections to the R & R, Plaintiff argues the Complaint alleges officials at FCI Williamsburg joined officials at U.S.P Atlanta and engaged in a retaliatory transfer depriving Plaintiff of administrative remedy process."  (Dkt. No. 6 at 1-3).  The Complaint does not allege such.  In addition, in his objections, Plaintiff alleges facts that occurred after the filing of this suit, whereby individuals at officials at FCI Williamsburg allegedly refuse to allow Plaintiff quarterly visits with the doctor and to self-carry a glucose meter or provide any glucose for diabetics.  To the extent Plaintiff attempts to assert additional new claims against officials against FCI Williamsburg, he is not precluded from doing such.

                                                               <u>s/ Richard Mark Gergel</u>
                                                               Richard M. Gergel
                                                               United States District Judge

August 20, 2021
Charleston, South Carolina